NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3207
_____

GLORIA LYTLE;
LYTLE TRANSPORTATION;
ROGER MORRISON;
MORRISON AND SONS TRANSPORTATION INC.,
Appellants

v.

CAPITAL AREA INTERMEDIATE UNIT;
GLENN ZEHNER, Ph.D.; MARK BAUER, Ph.D;
SCOTT DOWNEY; THE ESTATE OF GEORGE BRUBAKER;
HARTMAN, UNDERHILL AND BRUBAKER; PHILLIP STEINHOUR;
BOARD OF DIRECTORS OF THE CAPITAL AREA INTERMEDIATE UNIT;
JILL WILLIAMSON; ARLAND WAGONHURST;
MICHAEL MAUSNER; KAREN CHRISTIE; BONNIE GOBLE;
ANGELA MCMASTER; SHERI T. MATER; GARY SHADE;
DANIELLE HAIRSTON-GREEN; ANNIE GUENIN; SUSAN KOMLENIC;
MARK D. ROTHERMAL; JOY MCCREARY; DR. WILLIAM GOULD;
BRIAN R. COOPER; LINDA T. BUTLER; JOHN FORNEY Jr.;
HOWARD DOUGHERTY; JEAN RICE; RICHARD FRY; STEVEN DART;
CAMP HILL SCHOOL DISTRICT, Jill Williamson, representative;
CARLISLE SCHOOL DISTRICT, Arland Wagonhurst, representative;
CENTRAL DAUPHIN SCHOOL DISTRICT, Michael Mausner, representative;
CUMBERLAND VALLEY SCHOOL DISTRICT, Karen Christie, representative;
DERRY TOWNSHIP SCHOOL DISTRICT, Bonni  Goble, representative;
EAST PENNSBORO SCHOOL DISTRICT, Angela McMaster, representative;
GREENWOOD SCHOOL DISTRICT, Sheri T. Matter, representative;
HALIFAX AREA SCHOOL DISTRICT; Gary Shade, representative;
HARRISBURG AREA SCHOOL DISTRICT, Danielle Hairston-Green, representative;
LOWER DAUPHIN SCHOOL DISTRICT, Ann Guenin, representative;
MECHANICSBURG AREA SCHOOL DISTRICT; Susan Komlenic, representative;
MILLERSBURG AREA SCHOOL DISTRICT, Mark D. Rothermal, representative;
NEWPORT SCHOOL DISTRICT, Kermit Harry, representative;

NORTHERN YORK SCHOOL DISTRICT, Joy McCreary, representative;
SHIPPENSBURG AREA SCHOOL DISTRICT, Dr. William Gould, representative;
STEELTON-HIGHSPIRE SCHOOL DISTRICT, Brian R. Cooper, representative;
SUSQUENITA SCHOOL DISTRICT, Donna Lee Clendenin, representative;
SUSQUEHANNA TOWNSHIP SCHOOL DISTRICT, Linda T. Butler, representative;
UPPER DAUPHIN SCHOOL DISTRICT, John R. Forney, Jr., representative;
WEST SHORE SCHOOL DISTRICT, Howard Dougherty, representative;
WEST PERRY SCHOOL DISTRICT, Jean Rice, representative

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-05-cv-00133)
District Judge: Honorable Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2010

Before:  RENDELL, FISHER and GARTH, Circuit Judges.

(Filed September 14, 2010)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Lytle Transportation, Inc., and Morrison & Sons Transportation, Inc., and their

respective owners, Gloria Lytle and Roger Morrison ("Plaintiffs"), appeal from the

District Court's grant of summary judgment in this False Claims Act action against the

Capital Area Intermediate Unit ("CAIU").[1]  Plaintiffs averred that they "provid[ed]

transportation services to children through the [CAIU]," "as an employee of or contractor

---

[1] Plaintiffs also named nearly fifty additional defendants, including numerous
current and former employees of CAIU and the officials of twenty local school districts.

to the [CAIU]," for twenty years or more. JA0004-05. CAIU is a nonprofit organization that provides "educational and transportation services to children who have been identified as requiring special education, special services, or early intervention services." JA0005.

Plaintiffs claim that after they informed the Federal Bureau of Investigation in early 2004 of their belief that CAIU and the other Defendants ("Defendants") had been committing fraud, CAIU retaliated against them by threatening and harassing them, and by reducing the amount that CAIU would pay Morrison & Sons for its services.

On January 19, 2005, Plaintiffs brought suit in the District Court for the Middle District of Pennsylvania, seeking recovery from CAIU under 31 U.S.C. § 3730(h), which, at that time, provided that:

> *Any employee* who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment *by his or her employer* because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make *the employee* whole.

31 U.S.C. § 3730(h) (2000) (emphases added). Plaintiffs also asserted various other claims under state law against Defendants.

Defendants moved for summary judgment, arguing that § 3730(h) provides a cause of action only to "employee[s]," and that Plaintiffs therefore lacked statutory standing because they were independent contractors of CAIU. They also argued that,

3

since Plaintiffs lacked standing to bring the claim under § 3730, the District Court should dismiss the state law claims for lack of jurisdiction. The District Court agreed and granted summary judgment to Defendants.

Plaintiffs now appeal.[2] Their principal argument is that, in deciding Defendants' motion for summary judgment, the District Court failed to draw inferences in their favor, disregarded genuine factual disputes, and erred in its ultimate conclusion that Plaintiffs were not employees of CAIU. We disagree. To the contrary, there was a wealth of evidence establishing that, under the test set forth in *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 323-24 (1992), Plaintiffs were independent contractors of CAIU, not its employees. The relationships between Plaintiffs and CAIU were governed by contracts, which were executed annually between CAIU and either Lytle and Morrison as individuals or their corporations, Lytle Transportation, Inc. and Morrison & Sons Transportation, Inc., and explicitly stated both that Plaintiffs were independent contractors of CAIU, *and* that they were not its employees. Lytle and Morrison admitted in depositions that they knew they were considered to be independent contractors. Moreover, they had the right to decline to provide transportation on certain routes, they owned the vehicles they used, employed other people to drive the vehicles, and were responsible for maintaining and insuring those vehicles.

In light of this extensive evidence, the fact that CAIU required Plaintiffs to use

---

[2]We exercise jurisdiction over the appeal under 28 U.S.C. § 1291, and apply plenary review to the District Court's ruling.

certain types of vehicles and equipment, submit certain information to CAIU, have their employees wear CAIU identification badges, and display a CAIU identification number on their vehicles does not establish that CAIU was Plaintiffs' employer, especially since Plaintiffs were transporting school-age, special-needs children on behalf of CAIU, and that CAIU was in certain respects merely complying with the requirements of state law. The District Court properly found that there was no genuine dispute of fact regarding Plaintiffs' employment status, and we find no merit in Plaintiffs' contention that the District Court failed to draw inferences in Plaintiffs' favor.

Plaintiffs also urge us to find that they have standing under the current version of § 3730(h), which was amended by Congress on May 20, 2009, to extend the cause of action to "[a]ny employee, *contractor*, or agent." Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21, § 4(d), 123 Stat. 1617, 1625 (emphasis added). We disagree. In enacting this amendment to § 3730(h), Congress explicitly provided that the amendment "shall take effect on the date of enactment of this Act and shall apply to conduct on or after the date of enactment." Id. § 4(f). When, as here, Congress has "expressly provided that the statute in question . . . should not apply retrospectively . . . , then we follow Congress' express prescription and apply the statute accordingly." *Mathews v. Kidder, Peabody & Co.*, 161 F.3d 156, 160 (3d Cir. 1998).

Plaintiffs challenge only conduct occurring well before 2009, and we can find no authority that would give them the benefit of the amended version of § 3730(h).

Although Plaintiffs cite a comment contained in the legislative history that "the courts should rely on these amendments to clarify the existing scope of False Claims Act liability, even if the alleged violations occurred before the enactment of these amendments," this comment applied only to amendments made to 31 U.S.C. § 3729, not to the amendment to § 3730(h).  155 Cong. Rec. E1295-03, E1300 (June 3, 2009) (statement of Rep. Berman).  In any event, we are, of course, "bound not by legislative history but by plain statutory language." *DirecTV, Inc. v. Pepe*, 431 F.3d 162, 169 (3d Cir. 2005).

We will therefore affirm substantially for the reasons set forth by the District Court in its thoughtful and well-reasoned opinion.